UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

UNITED STATES OF AMERICA

v.

DILAN JIRON,
Defendant.

Docket No. 2:24-cr-00099-3

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, DILAN JIRON, agree to the following in regard to the disposition of pending criminal charges.

1. DILAN JIRON agrees to waive Indictment and plead guilty to Counts One and Two of a Superseding Information charging him with conspiracy to possess a firearm in furtherance of a drug trafficking crime that may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(o) and misprision of felony, in violation of 18 U.S.C. § 4.

2. DILAN JIRON understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea:

   a. With regard to Count One, up to 20 years of imprisonment, pursuant to 18 U.S.C. § 922(o); up to 3 years of supervised release, pursuant to 18 U.S.C. § 3583; up to a $250,000.00 fine, pursuant to 18 U.S.C. § 3571; and a $100.00 special assessment pursuant to 18 U.S.C. § 3013;

   b. With regard to Count Two, up to three years of imprisonment, pursuant to 18 U.S.C. § 4; up to 1 year of supervised released, pursuant to 18 U.S.C. § 3583; up

1

to a $250,000.00 fine, pursuant to 18 U.S.C. § 3571; and a $100.00 special assessment pursuant to 18 U.S.C. § 3013.

3. DILAN JIRON agrees to plead guilty because he is, in fact, guilty of the above crime.

4. DILAN JIRON stipulates to, agrees with, and admits the following facts:

   a. On or about October 12, 2023, DILAN JIRON assisted Theodore Bland in concealing evidence related to the homicides of Jahim Solomon and Eric White;

   b. On or about October 12, 2023, DILAN JIRON, knowing that Theodore Bland had discharged a firearm resulting in the deaths of Jahim Solomon and Eric White, and that the carrying and use of that firearm by Theodore Bland related to Theodore Bland's acquisition of controlled substances, and that Theodore Bland's possession of a firearm was in furtherance of Theodore Bland's drug trafficking activities, DILAN JIRON assisted Theodore Bland in transporting the body of Jahim Solomon to a wooded area and attempted to hide it from detection of investigating authorities;

   c. DILAN JIRON, despite knowing of the commission of a felony by Theodore Bland, which was cognizable by a court of the United States, did conceal that crime and did not report or make known the commission of the homicides of Jahim Solomon and Eric White to any civil authority, including law enforcement;

   d. On or about October 14, 2023, in the District of Vermont, DILAN JIRON knowingly and willfully agreed with his co-conspirators A.L. and Theodore Bland to facilitate a trade of a firearm for drugs by Theodore Bland to a third person.

   e. On or about October 14, 2023, in the District of Vermont, Theodore Bland, possessed a firearm, an AK-style pistol;

  f. On or about October 14, 2023, DILAN JIRON transported Theodore Bland, who was in possession of the AK-style pistol, from Hyde Park, Vermont, to Hardwick, Vermont in an ATV in order to facilitate the firearm for drugs trade.

  g. On or about October 14, 2023, Theodore Bland transferred the AK-style pistol to another individual, in DILAN JIRON's presence, in exchange for cocaine base and fentanyl, both Schedule II controlled substances pursuant to federal law.

5. DILAN JIRON understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. DILAN JIRON acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. DILAN JIRON fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There

3

shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. DILAN JIRON fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. DILAN JIRON acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. DILAN JIRON understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. DILAN JIRON agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. DILAN JIRON agrees to pay the special assessment at the time of sentencing.

10. DILAN JIRON recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission

4

to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. DILAN JIRON nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. The United States agrees that in the event that DILAN JIRON fully and completely abides by all conditions of this agreement, the United States will:

   a. move to dismiss the Indictment at the time of sentencing;

   b. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

   c. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

   d. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

12. If the United States determines, in its sole discretion, that DILAN JIRON has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. DILAN JIRON understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

13. It is understood and agreed by the parties that should DILAN JIRON's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. DILAN JIRON also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

14. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

15. DILAN JIRON expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Jason J. Sawyer, Esq. DILAN JIRON further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore,

DILAN JIRON expressly states that he is fully satisfied with the representation provided by his attorney, Jason J. Sawyer, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

16. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

June 20 2025
Date

By: Jason Turner
Assistant U.S. Attorney

3/13/2025
Date

_Dilan Jiron_
DILAN JIRON
Defendant

I have read, fully reviewed and explained this agreement to my client, DILAN JIRON. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

3/13/2025
Date

Jason J. Sawyer
Counsel for the Defendant